131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CHIUKEPO MHANGO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70456.
 United States Court of Appeals, Ninth Circuit.
 Dec. 04, 1997.
Submitted November 7, 1997**
 
 1
 Petition to Review a Decision of the Board of Immigration Appeals
 
 
 2
 Before: FLETCHER and O'SCANNLAIN, Circuit Judges, and SCHWARZER*** District Judge
 
 
 3
 MEMORANDUM*
 
 
 4
 Chiukepo Mhango seeks review of the March 13, 1996 order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) to review the final order of deportation. Since Mhango has failed to demonstrate that he has a well-founded fear of future persecution in Malawi, we deny the petition for review.
 
 
 5
 We review the BIA's decision rather than the IJ's decision if the BIA does an independent review of the record. Singh v. INS, 94 F.3d 1353, 1358 (9th Cir.1996). We review conclusions of law de novo, and we must uphold the BIA's factual findings if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. To reverse the BIA's factual findings, we must find that "the evidence compels a contrary conclusion." Id.
 
 
 6
 Mhango argued that the BIA erred in not concluding that he had a well-founded fear of persecution because his political opinions conflict with those of Banda strongman John Tembo. Based on this conflict of political beliefs, Mhango claims a well-founded fear of torture, mistreatment, detention without trial, and even death if he were returned to Malawi. His fear is based on past interrogations by Tembo, his being banned from soccer, the killing of his brother, and his student involvement with the United Democratic Front ("UDF")
 
 
 7
 Since Mhango did not argue that he is a victim of past persecution, he must provide both subjective and objective proof of a well-founded fear of persecution. Prased v. INS, 47 F.3d 336, 338 (9th Cir.1995). The subjective component is satisfied by credible testimony of a genuine fear of persecution. Id. The objective component requires "credible, direct, and specific evidence of facts supporting a reasonable fear of persecution." Hartooni v. INS, 21 F.3d 336, 341 (9th Cir.1994). An alien is not, however, required to prove that persecution is more likely than not. INS v. Cardoza-Fonseca, 480 U.S. 421, 431 (1987). "One can certainly have a well-founded fear of an event happening when there is less than a 50% chance of the occurrence taking place." Id.
 
 
 8
 Since Mhango left in 1992, political conditions in Malawi have changed dramatically with the UDF taking over from the prior Banda regime. As a result, the 1994 State Department report states that there were no political killings or disappearances, that human rights performances has improved significantly, and that the Malawi government has responded positively to recommendations from international human rights organizations. Mhango offered no evidence to refute those political improvements or to demonstrate ongoing political repression.
 
 
 9
 Despite these improvements, Mhango argues that Tembo still wields considerable power in Malawi and still controls the dreaded Malawi Youth Pioneers ("MYP"). Thus, Tembo could still persecute Mhango. However, we note that the MYP was disarmed by the army in early 1994 and that Tembo has since had to stand trial for the 1983 killings of four prominent politicians. From this we conclude that substantial evidence supports the BIA's conclusion that Tembo no longer presents a political threat to Mhango.
 
 
 10
 Moreover, we agree with the BIA's affirmance of the IJ's finding that the interrogations by Tembo in 1989 were prompted by Mhango's refusal to play soccer and not his political beliefs. Mhango's reinstatement on the Limbe Leaf Wanderers in 1991 while the team was still under Tembo's control demonstrates a lack of continued animosity by Tembo toward Mhango. In addition, the BIA affirmed the IJ's conclusion that Mhango's situation was distinct from his brother's. Mhango's brother, Mkwa, was a journalist that wrote highly critical articles about the Banda regime. He was also in leadership positions of opposition groups. Mhango, on the other hand, was a soccer player with limited involvement in a student opposition group. As a result, Mhango failed to meet his burden of showing evidence that would compel the panel to upset the BIA's decision, particularly in light of the radical political changes in Malawi.
 
 
 11
 In addition, as Mhango fails to meet the lesser burden of proving a well-founded fear of persecution, he also fails to meet the greater burden of proving a clear probability of persecution as required for withholding deportation. To obtain a withholding of deportation, the applicant must demonstrate a "clear probability of persecution" by the government or a group that the government cannot or will not control. Menoza-Perez v. INS, 902 F.2d 760, 761 (9th Cir.1990). This standard is more stringent than the "well-founded fear" standard required for asylum. Accordingly, Mhango's failure to establish eligibility for asylum demonstrates his ineligibility for withholding of deportation. Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995). Therefore, we deny the petition for review.
 
 
 12
 DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R. 34-4
 
 
 **
 * William W. Schwarzer, Senior United States District Court Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3